IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO FIRSTAR BANK, N.A. SUCCESSOR IN INTEREST TO FIRSTAR BANK MILWAUKEE, N.A., AS TRUSTEE FOR SALOMON BROTHERS MORTGAGE SECURITIES VII, INC. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 1998-NC7 | § § § § § § § § § § § | Civil Action No. 5:21-cv-00993 |
| Plaintiff, | § § | |
| v. | § § | |
| CYNTHIA A. ORTEGA, GILBERT ORTEGA, III, | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff U.S. Bank National Association, as Trustee, Successor by Merger to Firstar Bank, N.A., Successor in Interest to Firstar Bank Milwaukee, N.A., as Trustee for Salomon Brothers Mortgage Securities VII, Inc. Mortgage Pass-Through Certificates Series 1998—NC7 ("U.S. Bank" or "Plaintiff"), complains of Cynthia A. Ortega, and Gilbert Ortega, III, Defendants, files this *Original Complaint*, and states as follows:

### I. PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant Cynthia A. Ortega, is an obligor under a loan agreement and may be served with process at her residence, 7606 Triple Bend, San Antonio, Texas 78263, or such other place where she may be found. Summons is requested.

3. Defendant Gilbert Ortega III, is an obligor under a loan agreement and may be served with process at his residence, 7606 Triple Bend, San Antonio, Texas 78263, or such other place where he may be found. Summons is requested.

## II. PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 7606 Triple Bend, San Antonio, Texas 78263, more particularly described as:

> LOT 15, BLOCK 1, TRIPLE OAKS SUBDIVISION, UNIT 6, SITUATED IN BEXAR COUNTY, TEXAS ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 9502, PAGE 224, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.
> (The "Property").

## III. DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff U.S. Bank is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of

another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Tr. v. ConAgra Foods, Inc.,* 136 S. Ct. 1012, 1016 (2016*)* (citing *Navarro*, 446 U.S. at 462–66). A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). U.S. Bank is a national banking association which is chartered and has it main office in Minnesota Therefore, Plaintiff U.S. Bank is a citizen of Minnesota for purposes of diversity jurisdiction.

7.  Defendants are individuals and citizens of the state of Texas.

8.  In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

9.  When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

10. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of June 1, 2021, the total amount due under the subject loan agreement was $244,853.24. Therefore, the amount in controversy is more than $75,000.00.

11. Venue is proper in the Western District of Texas, San Antonio Division, because this suit concerns title to real property located in Bexar County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV. FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

12. On or about September 17, 1998, for value received, Cynthia A. Ortega and Gilbert Ortega III ("Borrowers") executed that certain *Texas Home Equity Note* (Cash Out -Fixed Rate - First Lien) (the "Note") originally payable to New Century Mortgage Corporation ("New Century"), in the principal amount of $112,500.00 bearing interest at the initial fixed rate of 14.350% interest rate per annum. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13. Concurrently with the Note, the Borrowers executed that certain *Texas Home Equity Security Instrument* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in the Property. On September 30, 1998, the Security Instrument was recorded in the Official Public Records of Bexar County, Texas under Document No. 98-0173963, book 7652, page 1723. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. Subsequently, New Century assigned all its right, title, and interest to U.S. Bank. This Assignment was recorded in the Official Public Records of Bexar County, Texas under Document Number 20190243749. A true and correct copy of the Transfer and Assignment is attached hereto as **Exhibit C.**

15. The Loan Agreement provides that should the Borrowers fail to comply with any or all of the covenants and conditions of the Loan Agreement, then the lender may require immediate payment in full of all outstanding principal and accrued interest owed on the Note.

The Loan Agreement further provides that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

16. Borrowers failed to comply with the terms of the Loan Agreement. Notice of Default was provided to the Borrowers on December 3, 2020, pursuant to the Loan Agreement and applicable law. A true and correct copy of the Notice of Default is hereto attached as **Exhibit D**. Borrowers did not cure the default under Loan Agreement. Therefore, the debt was accelerated pursuant to a Notice of Acceleration of Loan Maturity provided to the Borrowers on January 13, 2021, pursuant to the Loan Agreement and applicable law. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit E.**

17. U.S. Bank is the current legal owner of the endorsed in blank Note and beneficiary of the Deed of Trust. U.S. Bank is also considered a mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

18. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit to obtain an order for foreclosure.

### V. CAUSE OF ACTION: DECLARATORY JUDGMENT FOR NON-JUDICIAL FORECLOSURE

19. The foregoing paragraphs are incorporated by reference for all purposes.

20. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for non-judicial foreclosure against Borrowers. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrowers, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due

PLAINTIFF'S ORIGINAL COMPLAINT
MWZM: 09-302078-670                                                                                                          Page 5

under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

## VI. CONDITIONS PRECEDENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by a judgment and foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. 20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**